STOULIG, Judge,
dissenting.
I respectfully dissent being of the opinion that the motion to dismiss should be granted.
The appellant, Hamilton Investment Trust, perfected a devolutive appeal limited only to that portion of the judgment rendered in favor of The 2511, Inc., and Janett T. Loeb, and to this extent these parties occupy the status of appellees.
No appeal was taken from that portion of the judgment rendered in favor of interve-nor, Allied Bank of Texas. It therefore follows there are no appellants or appellees from this part of the judgment.
The 2511, Inc., and Janett T. Loeb have attempted to engraft an appeal from the judgment in favor of the intervenor under C.C.P. arts. 2087 and 2133, which afford appellees additional time to perfect an ap *763 peal by means of an answer to the appeal. Since the parties do not occupy the status of appellees from the judgment in favor of intervenor, they cannot avail themselves of the benefits granted to appellees under the aforementioned articles.
It must be borne in mind that an intervention is not a third party demand but like the latter is an incidental demand. C.C.P. art. 1031.
For these reasons the motion to dismiss should be granted because of the failure of The 2511, Inc. and Janett T. Loeb to file timely a devolutive appeal from the judgment in favor of intervenors.